IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Christopher Stotts, dba Three Wide          :
Entertainment, et al.,                      :
                                            :
            Plaintiffs,                     :     Case No.: C2-11-CV-519
                                            :
v.                                          :     U.S. District Judge Marbley
                                            :
City of Athens, Ohio, et al.,               :     U.S. Magistrate Judge King
                                            :
                                            :
            Defendant.                      :

## AGREED PROTECTIVE ORDER

This matter is before the Court pursuant to Rule 26 of the Federal Rules of Civil

Procedure.  The parties have propounded certain discovery requests, the responses to which may

require the disclosure of information or documents which are proprietary, confidential or highly

sensitive to the parties hereto or for third parties.  The parties have therefore requested that such

information acquired through discovery in this matter be protected as allowed by the Civil Rules.

Plaintiffs and Defendants have stipulated and agreed to the entry of this Agreed

Protective Order ("Protective Order") in the above-captioned action.  The Court finds that good

cause supports entry of this Protective Order and that justice so requires.

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the "Confidential

Materials", as defined herein, including the substance and content thereof produced or otherwise

disclosed by any party hereto in response to a discovery response shall be subject to the terms

and provisions of this Protective Order as set forth below:

1.      This Protective Order applies to the "Confidential Material", which shall be

defined as:  all documents identified by the parties as confidential under the terms of this order.

2. Confidential Materials shall be used solely for the purposes of preparing for, conducting, or settling this Litigation (including appeals or retrials thereof) and shall not be disclosed or used for any other purpose, including any business, governmental, commercial, administrative or judicial purpose.

3. The Confidential Materials shall be identified by a party at the time of production with the word "confidential" or "personal and confidential" on the front of any document and on every page so designated. A party's designation of any document as confidential shall be based on its good faith and reasonable belief that the document constitutes or contains trade secrets, financial, research, development, strategic, commercial, or proprietary information not available to the public, or that such document contains information that may be proprietary or confidential to a party or a third party, including without limitation any party to any transaction with any party or successor in interest to same, any employee or former employee. Such a designation shall constitute a representation that the Confidential Material has been reviewed by an attorney who believes in good faith that there is a valid basis for the designation. Any document that is inadvertently produced without such a stamp may be designated as Confidential by sending written notice to counsel for Plaintiff (including the document or portion thereof to be treated as Confidential, bearing the appropriate designation).

4. All Confidential Material, any copies thereof, and the information contained therein shall not be given, shown, made available to, summarized, characterized, quoted, or communicated in any way, in whole or in part, to anyone, except those persons listed below, unless ordered by the Court or done with the prior written consent of counsel. Persons to whom Confidential Material may be given, shown, made available, or communicated without prior written consent are the following:

(a)     subject to paragraph 5 below, the Court (including clerks and other court personnel);

(b)     counsel of record in this action and their staff in the ordinary course of business;

(c)     court reporters who transcribe deposition or other testimony in this action;

(d)     subject to paragraph 5 below:  consultants or expert witnesses retained by a party for the purpose of preparing for, conducting or settling this action, who will utilize any Confidential Material disclosed solely to assist in preparing for, conducting or settling this action; and

(e)     subject to paragraph 5 below:  any witness or prospective witness in this action subject to the restrictions set forth in this Protective Order.  No copies of Confidential Information shall be given to such witnesses for them to retain.

(f)     subject to paragraph 5 below, the insurer of any party to this Litigation.

(g)     subject to paragraph 5 below: any party to this Litigation.

5.     Any person identified in Paragraphs 4(d) or (f) who is given access to Confidential Material shall, prior thereto, be given a copy of this Protective Order and shall acknowledge receipt thereof, and shall agree to be bound thereby, subject to sanctions of this Court, by signing a written declaration in the form of Exhibit A, attached hereto.  Any person identified in Paragraph 4(c) shall be made aware of the existence of this Protective Order prior to transcribing any testimony.

6.     Any pleading, motion or other paper or thing filed with the Court which discloses Confidential Information shall be submitted subject to a motion to file such materials under seal and not filed within the public records of the Court until the motion to seal is heard by the Court;

however, such information shall continue to be available to such persons permitted access to such information under this Protective Order. In the event that one party intends to file any document designated confidential by another party, the party filing such document shall furnish prompt written notice of the filing and of the pendency of a motion to seal.

7.       Neither entering into or agreeing to this Protective Order nor producing or receiving Confidential Material under its terms shall prejudice in any way the rights of the parties to object to the relevancy, authenticity, or admissibility of any document, testimony, or Confidential Material subject to this Protective Order.

8.       Nothing in this Protective Order shall prevent any party from using or disclosing its own Confidential Material and any such use or disclosure shall not be deemed a waiver of any rights or obligations under this Protective Order.

9.       The production or disclosure of Confidential Material shall in no way constitute a waiver of the producing party's right to object to the production or disclosure of any other information or documents in the litigation. The parties hereto expressly reserve the right to seek any appropriate order modifying this Protective Order or imposing additional restrictions on discovery in this action, including an order that production not be had. Nothing herein shall waive any privilege or exemption from production that any party may assert independent of this Protective Order. All information disclosed or produced in discovery herein that would otherwise be subject to a confidentiality provision in any agreement shall remain subject to such provision, whether or not expressly identified as Confidential pursuant to the terms of this Protective Order.

10.       If a party objects to another party's designation of a document as Confidential, the party shall notify the other party in writing of the basis of the objecting party's objection to the

5

designation. The parties shall confer in good faith in the attempt to resolve such objection by agreement. Failing such agreement, a party may bring the dispute to the Court's attention by filing a motion pursuant to Rule 37 of the Federal Rules of Civil Procedure. Upon either of the foregoing motions, no party shall be prejudiced by previously having stipulated to the entry of this Protective Order and the Court shall decide the dispute de novo according to the substantive standards of Rule 26 and/or 37. While any such dispute or motion is pending, the document in question shall continue to be treated as Confidential pursuant to this Protective Order.

11.     In the event any person or entity having possession, custody or control of any Confidential Material is the subject of a subpoena or demand for the production of such Confidential Material, that person or entity shall, within three days of receipt of the subpoena or demand, notify counsel for all parties to the litigation so as to permit counsel time to seek an appropriate order modifying or quashing the subpoena or demand.

12.     This Protective Order shall continue to be binding on the signatories hereto throughout and after the conclusion of this action, including any appeals or retrials. This Court shall retain jurisdiction of the Litigation for the purpose of enabling any party, person or other entity to apply for any order or relief as may be deemed necessary or appropriate to enforce this Protective Order. Upon termination of the litigation, each party shall, in its sole discretion, return to the other party or destroy Confidential Material and any copies, summaries, or digests thereof. Provided, however, that each party to this action may retain one complete set of any document identified as Confidential Material, trial testimony and exhibits, all deposition transcripts and exhibits, and all pleadings and other papers filed with the Court (but not including documents produced but not marked as deposition or trial exhibits), and all attorney work

6

product and correspondence. All material retained under this proviso shall be kept in a secure fashion.

13. The parties agree to be bound by the terms of this Protective Order pending its entry as an order of the Court, and agree that any violation of its terms shall be subject to the same sanctions and penalties as if this Protective Order had been entered by the Court.

**IT IS SO ORDERED.**

5/17/12

_____
Norah McCann King
U.S. Magistrate Judge

STIPULATED AND AGREED TO:

s/ W. Charles Curley
W. Charles Curley
**WESTON HURD LLP**
10 W. Broad St., Suite 2400
Columbus, Ohio 43215-3469
*Trial Attorney for Defendants*

s/ Scott D. Bergthold
Scott D. Bergthold
**Law Office of Scott D. Bergthold, P.L.L.C .**
7446 Shallowford Rd., Suite 202
Chattanooga, Tennessee 37421
*Co-counsel for Defendants*

/s/ H. Louis Sirkin
H. Louis Sirkin
Jennifer M. Kinsley
**SIRKIN KINSLEY & NAZZARINE, CO. LPA**
810 Sycamore St., Second Floor
Cincinnati, Ohio 45202
*Attorneys for Plaintiff*

7

EXHIBIT A

## CONFIDENTIALITY DECLARATION

I hereby declare that I am to receive Confidential Information, designated as "Confidential" pursuant to the terms of the Agreed Protective Order in the case styled Christopher Stotts, d/b/a/ Three Wide Entertainment, et al., v. City of Athens, et al., case no. C2-11-CV-519, pending in the U.S. District Court, Southern District of Ohio, Eastern Division. I further declare that I have read a copy of the Protective Order, and I agree to be bound by all terms set forth therein. I acknowledge my obligation to return or destroy all such Confidential Information in accordance with the terms of the Protective Order, and I hereby submit to the jurisdiction of the aforesaid Court for the limited purpose of any proceeding to enforce the terms of the Protective Order.


_____
Date Signed

_____
Declarant's Signature

_____
Printed Name

_____
Address

_____
City, State, Zip Code

8