IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER STOTTS, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | Case No. 2:11-CV-519 |
| v. | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| STEVEN S. PIERSON, et al., | : | |
| | : | Magistrate Judge King |
| Defendants. | : | |
| | : | |

## OPINION & ORDER

### I. INTRODUCTION

This matter is before the Court on Defendants' Motion for Reconsideration. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, Defendants move this Court to reconsider and revise its Opinion and Order on the parties' cross-motions for summary judgment, (Doc. 62), in which the Court denied summary judgment on *res judicata* grounds. For the reasons set forth herein, Defendants' Motion for Reconsideration is **DENIED**.

### II. BACKGROUND

Plaintiffs filed their complaint on June 13, 2011. (Doc. 1). In the complaint, Plaintiffs set forth the following claims against Defendants City of Athens and Defendant Steven Pierson (collectively the "City Defendants") and the Board of Zoning Appeals Defendants (the "BZA Defendants"): (I) Violations the Right to Free Speech pursuant to the First Amendment and 42 U.S.C. § 1983; (II) Violations of the Right to Equal Protection of the Laws pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983; (III) Regulatory Taking; (IV) Declaratory Judgment that Sections 23.04.07, 23.04.06 and other relevant provisions of the Zoning Code are

unconstitutional on their face and as applied to the Property under the First, Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution; and (V) Violations of the Constitution of the State of Ohio, Article I § 11.  (*Second Amend. Compl*., Doc. 22).  Plaintiffs sued Steven Pierson, former City of Athens' Director of the Department of Development, Enforcement & Facilities and the City's Zoning Administrator, and two former BZA members in their official capacities only.  Additionally, Plaintiffs sued four other current BZA members in both their individual and official capacities.  (*Id*. 4-5).  Plaintiffs seek declaratory relief and monetary damages, as well as an award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.  (*Id*. at 19).

Plaintiffs moved for summary judgment on Claim I (First Amendment) and Claim III (Regulatory Taking) of their Second Amended Complaint.  (Doc. 48).  Simultaneously, the City Defendants moved for summary judgment on all claims, asserting that Plaintiffs' claims fail based on standing and res judicata/collateral estoppel, and that Plaintiffs' equal protection, regulatory takings claims, and declaratory judgment claims fail on the merits.  (Doc. 50).  Finally, the BZA Defendants moved for summary judgment on all claims, both on grounds stated by the City Defendants, and on the basis that the BZA Defendants, in their individual capacities, are entitled to quasi-judicial immunity.  (Doc. 49).

On Summary Judgment, Plaintiffs' Motion was denied, the City Defendants' Motion was granted in part and denied in part, the BZA Defendants' Motion was granted in part and denied in part, and claims brought against four of the BZA Defendants in their individual capacities were dismissed.  Relevant to Defendants' Motion *sub judice*, this Court denied summary judgment on the grounds of *res judicata*.  This Court stated, in material part:

> An *England* reservation, named for the Supreme Court's decision in *England v. La. Bd. Of Med. Exam'rs*, 375 U.S. 411 (1964), permits a plaintiff in certain state

2

> court actions to reserve federal claims for subsequent review in a federal forum….
> The Sixth Circuit has extended *England* beyond cases of federal abstention, in order to permit a plaintiff to reserve federal claims – and thereby avoid claim preclusion – in cases where the plaintiff is procedurally obligated to bring an initial state court action. *See DLX, Inc. v. Kentucky*, 381 F.3d 511, 523, n.9 (6th Cir. 2004) (given that state court action is a condition precedent for ripeness of a federal takings claim, claim preclusion does not bar subsequent federal takings action where plaintiff reserved federal claims in the state court proceeding) (internal citation omitted).

(Doc. 62 at 12-13). This Court found that Plaintiffs expressly reserved their federal claims when appealing their first and second BZA decisions. As such, claim preclusion did not bar Plaintiffs from bringing those claims.

On December 4, 2013, Defendants filed their Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 54(b). This matter is now ripe for review.

### III. STANDARD OF REVIEW

District courts will reconsider a prior decision "if the moving party demonstrates: (1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties; or (3) an intervening change in controlling law." *Owner-Operator Indep. Drivers Ass'n, Inc. v. Arctic Express, Inc.*, 288 F. Supp. 2d 895, 900 (S.D. Ohio 2003). *See also Gen. Corp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (a judgment may also be altered or amended when necessary "to prevent manifest injustice").

As this Court has recognized, "[d]istrict courts 'have authority both under common law and [Federal] Rule [of Civil Procedure] 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment.'" *Gibney v. State Farm Fire & Cas. Co.,* No. 2:10-CV-00708, 2012 WL 6015961, at * 3 (S.D. Ohio Dec. 3, 2012) (quoting *Rodriguez v. Tenn. Laborers Health & Welfare Fund,* 89 Fed. App'x 949, 959 (6th Cir. 2004) (citing *Mallory v. Eyrich,* 922 F.2d 1273, 1282 (6th Cir. 1991)). This authority "vests in district courts 'significant

3

discretion,' . . . 'to afford such relief from [interlocutory orders] as justice requires.'" *Id.* (quoting *Rodriguez*, 89 Fed App'x at 959).  In particular, "[t]raditional justifications for reconsidering interlocutory orders include: '(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice.'" *Id.* (quoting *Louisville/Jefferson Co. Metro Gov't v. Hotels.com L.P.,* 590 F.3d 381, 389 (6th Cir. 2009)).  Significantly, "justice does not require that the district court [grant reconsideration] on an issue that would not alter the district court's prior decision." *Rodriguez*, 89 Fed. App'x at 959-60.

## IV. ANALYSIS

As stated in the foregoing section, this Court may grant reconsideration on interlocutory orders for three reasons, none of which Defendants demonstrate in their Motion.  Defendants do not show that there has been an intervening change of controlling law.  Defendants also do not present any new evidence for this Court to consider.  Defendants do not suggest that this Court must grant reconsideration to prevent manifest injustice.  Rather, Defendants merely assert that this Court's application of the *England* reservation doctrine was in error.   Furthermore, Defendants contend that, even if the *England* reservation does apply, it does not affect state law claims from being barred on claim preclusion.

First, Defendants argue that this Court erred in applying the *England* reservation doctrine to the issue of claim preclusion, relying heavily on *San Remo Hotel*.  *See England v. La. Bd. Of Med. Exam'rs*, 375 U.S. 411 (1964); *San Remo Hotel, L.P. v. City and County of San Francisco*, 545 U.S. 323 (2005).  To support their claim, Defendants state that the Supreme Court's holding in *San Remo Hotel* shows that the *DLX* concurrence articulated the proper, more limited scope applicable to the *England* reservation doctrine.  *See DLX*, 381 F.3d 511.  Finally, Defendants

4

claim that, because Plaintiffs were never "shunted" to state court based on a *Pullman* abstention order, this Court's application of the *England* doctrine is in error.  (Doc. 65 at 9).

Second, Defendants argue that, even if an *England* reservation was properly applied, it cannot prevent state law claims from being barred under claim preclusion. Defendants suggest that this Court "recast[] the claim-preclusion argument as an issue-preclusion argument."  (Doc. 65 at 10).  In support of their argument, Defendants state that, regarding Plaintiffs' state law claim of entitlement to a zoning permit, Plaintiffs could have argued that in state court, and it is, therefore, barred by claim preclusion.

Neither of Defendants' arguments necessitates that this Court grant reconsideration. First, Defendants misapply *San Remo Hotel*, which does not concern the issue of claim preclusion, but instead discusses issue preclusion.  *See Agripost, LLC v. Miami-Dade County, Fla.*, 525 F.3d 1049, 1055 (8th Cir. 2008) ("*San Remo Hotel* was not a *claim* preclusion case; it was an *issue* preclusion case…").  Defendants' strong reliance on *San Remo Hotel* is, therefore, misguided.  Furthermore, this Court properly articulated its interpretation and application of the *England* doctrine, and the related cases on which this Court relied.  Despite Defendants' belief that this Court improperly and incorrectly considered the issues and claim and issue preclusion, this Court has not been presented with sufficient argument to revise its previous decision. Motions for reconsideration are not intended to re-litigate issues previously considered by the Court.  *See J.P. v. Taft*, No. C2-04-692, 2006 U.S. Dist. LEXIS 14595, 2006 WL 689091, at *13 (S.D. Ohio Mar. 15, 2006).  Defendants have not provided this Court with sufficient information to revise its earlier summary judgment.

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion for Reconsideration is hereby **DENIED**.

**IT IS SO ORDERED.**

          ___s/ Algenon L. Marbley_____

          **ALGENON L. MARBLEY**
          **UNITED STATES DISTRICT JUDGE**

**DATED: January 7, 2014**